Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELANIE DENMAN, an individual,<br><br>Plaintiff,<br><br>v<br><br>ZAYO GROUP, LLC, a Delaware corporation,<br><br>Defendant. | No. 2:13-cv-00190-RSM<br><br>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFF |

Defendant Zayo Group, LLC, (hereinafter "Zayo") hereby answers Plaintiff's Complaint using like-numbered paragraphs.

## I.   PARTIES

1.1   Defendant lacks sufficient knowledge, information, and belief to admit or deny whether Plaintiff Melanie Denman is currently residing in King County, Washington, and therefore denies the same. Defendant admits that Ms. Denman has alleged in her Complaint claims for breach of contract and willful withholding of wages and denies that these claims have any merit.

1.2   Defendant denies that Zayo Group, LLC is a corporation under the laws of Delaware but admits that Zayo Group, LLC is a limited liability company organized under the laws of Delaware.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFF - 1
(CAUSE NO. 2:13-cv-00190-RSM)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

## II. JURISDICTION AND VENUE

2.1     Defendant denies that jurisdiction is proper in King County Superior Court following removal. Defendant admits that the United States District Court (USDC) for the Western District of Washington has original jurisdiction over this civil action because, based on Plaintiff's Complaint, the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

2.2     Defendant denies that venue is proper in Superior Court after removal. Defendant admits that venue is proper in the USDC for the Western District of Washington at Seattle because some of the events in Plaintiff's Complaint occurred within the geographical area of the Western District of Washington, and the action is between citizens of different states.

## III. FACTS

3.1     Defendant admits that it announced that it would acquire 360networks holdings (USA) inc. ("360") on October 7, 2011 and that Plaintiff was an employee of 360 at that time. Defendant denies that it offered Plaintiff a position at that time, but admits that it offered Plaintiff a temporary project based position as a senior manager of human resources on or around December 1, 2011, the date Zayo completed its acquisition of 360. Defendant admits that the position Zayo offered Plaintiff included a future separation date which was to be on or before March 1, 2012.

3.2     Defendant admits the allegations in paragraph 3.2.

3.3     Defendant admits the allegations in paragraph 3.3.

3.4     Defendant admits the allegations in paragraph 3.4.

3.5     Defendant denies the allegations contained in paragraph 3.5

3.6     Defendant admits that Ms. Denman and Ms. Mays met with employees in the Missoula office on or about November 16, 2011, to discuss various items concerning Zayo's acquisition of 360, including healthcare coverage following the acquisition. Defendant admits that Ms. Mays informed those 360 employees that assuming Zayo's acquisition of 360 on or prior to December 1, 2011, their Regence coverage would terminate at that time. Defendant denies the remaining allegations of paragraph 3.6, if any.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFF - 2
(CAUSE NO. 2:13-cv-00190-RSM)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

3.7     Defendant admits that Ms. Denman talked to Ms. Mays about the thirty-day notice requirement to cancel benefits with Regence, and that Ms. Mays responded that it was a non-issue because there would be zero 360 employees on December 1, 2011, and the Regence contract required that employees be employed on the first day of the month to be eligible for coverage. Defendant denies the remaining allegations contained in paragraph 3.7.

3.8     Defendant admits that on November 18, 2011, Ms. Mays and other representatives from Zayo and ADPTotalsource met with employees in the Colorado office, and that Ms. Denman attended the meeting via telephone conference. Defendant denies the remaining allegations in Paragraph 3.8.

3.9     Defendant denies the allegations in Paragraph 3.9.

3.10    Defendant lacks denies the allegations in Paragraph 3.10.

3.11    Defendant admits that plaintiff sent an email to Ms. Mays on December 6, 2011. Defendant denies all remaining expressed and implied allegations of Paragraph 3.11.

3.12    Defendant admits that Ms. Mays responded as stated in this paragraph, but denies that Plaintiff had authority to deal with Zayo employees regarding their KPI, Severance, Bonus, SAR or other contractual arrangements arising from the 360Networks acquisition. Defendant denies any remaining allegations in Paragraph 3.12.

3.13    Defendant admits there was email correspondence on January 31, 2012 regarding Mr. Ferriter, but denies Plaintiff's characterization of that email correspondence as stated in Paragraph 3.13. Defendant denies any remaining allegations in Paragraph 3.13.

3.14    Defendant admits that Plaintiff and Ms. Mays disagreed about the 360 bonus clause contained in the offer letters to 360 employees and admits that Ms. Mays sent Plaintiff an email admonishing her for openly challenging Ms. Mays' statements concerning the 360 bonus clause in communications involving the employee in question. Defendant denies any remaining allegation in Paragraph 3.14.

3.15    Defendant admits that, on February 1, 2012, Plaintiff was informed of her termination by telephone for insubordination and unprofessional conduct, and that her termination

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND DEFENDANT'S
COUNTERCLAIMS AGAINST PLAINTIFF - 3
(CAUSE NO. 2:13-cv-00190-RSM)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

was effective immediately. Defendant denies the remaining allegations contained in paragraph 3.15.

    3.16    Defendant admits Plaintiff was asked to leave the premises. Defendant denies all remaining allegations in Paragraph 3.16.

    3.17    Defendant denies the allegations contained in paragraph 3.17

    3.18    Defendant denies the allegations in Paragraph 3.18.

    3.19    Defendant admits that Plaintiff has not received the 360 bonus, severance package, or wages for the month of February 2012, but denies the remaining allegations contained in paragraph 3.19.

    3.20    Defendant denies that respondeat superior applies to the facts of this case.

## IV.    CAUSES OF ACTION

    4.1    Defendant re-alleges its answers to the proceedings paragraphs as if fully set forth herein

    4.2    Defendant denies the allegations of Paragraph 4.2.

    4.3    Defendant denies the allegations of Paragraph 4.3.

    4.4    Defendant denies the allegations of Paragraph 4.4.

## V.    ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Answering all paragraphs, 5.1 through 5.7, in Plaintiff's Prayer for Relief, Defendant denies that it has acted unlawfully in any way toward Ms. Denman and denies that the Plaintiff is entitled to any form of relief against Defendant. Furthermore, Defendant denies that Plaintiff has any claims or causes of action against Defendant under any legal theory.

## VI.    ANSWER TO "JURY DEMAND"

    6.1    Paragraph 6.1 constitutes Plaintiff's jury demand to which no answer is required.

## VII.    AFFIRMATIVE DEFENSES

Having fully answered Plaintiff's complaint, Defendant pleads the following defenses or affirmative defenses on its own behalf, without waiving any arguments it may be entitled to assert concerning the burden of proof, legal presumptions, or other legal characterizations:

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND DEFENDANT'S
COUNTERCLAIMS AGAINST PLAINTIFF - 4
(CAUSE NO. 2:13-cv-00190-RSM)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1. Without assuming any burden of proof or production not otherwise imposed by law, Plaintiff had no contract of employment guaranteeing Plaintiff employment for a specified period of time; rather Zayo employed Plaintiff as an at-will employee subject to termination for any reason or no reason at any time.

2. Notwithstanding Plaintiff's employment with Zayo was at-will, Plaintiff was terminated for good cause for violation of numerous Zayo policies contained in the Employee Handbook that Plaintiff acknowledged, including but not limited to 104 Business Ethics and Conduct, 108 Conflict of Interest, 112 Non-Disclosure, 202 Access to Personnel Files, 315 Paid Time Off, 401 Timekeeping, and 701 Employee Conduct and Work Rules.

3. Pending further discovery, plaintiff's claim(s) may be barred by an applicable limitations period.

4. Defendant's conduct in relation to Ms. Denman was based on legitimate, non-discriminatory and non-retaliatory reasons.

5. Some or all of the injuries or damages claimed by Ms. Denman were proximately caused or contributed to by her own fault, negligence or her other actions, or by the fault, negligence, or actions of persons or entities other than Defendant.

6. If Ms. Denman incurred any damages, she has failed to mitigate them and to protect herself from avoidable consequences.

7. Without assumption of any burden of proof not imposed by law, Defendant's performance of the contractual arrangement on which plaintiff relies for her contract and wage claims was excused by her breach of the agreement and her duties of loyalty and any other applicable fiduciary duty to Defendant.

8. Any recovery of Plaintiff should be setoff by the debt of Plaintiff to Defendant on the counterclaims stated below.

9. Pending further discovery, some or all of Plaintiff's claims may be barred by the doctrine of unclean hands.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND DEFENDANT'S
COUNTERCLAIMS AGAINST PLAINTIFF - 5
(CAUSE NO. 2:13-cv-00190-RSM)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

10. Pending further discovery, some of Plaintiff's claims may be barred by the doctrines of waiver, estoppel, ratification, or other defenses set forth in Federal Rules of Civil Procedure 8 and 12.

11. Defendant reserves the right to assert by supplemental pleading any additional affirmative defense or counterclaim which matures or is acquired by them subsequent to this Answer.

## VIII. DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, this Defendant prays the court for the following relief:

1. That Plaintiff takes nothing by the Complaint and that the Complaint be dismissed with prejudice;

2. That this Defendant should be awarded statutory attorney fees, costs and expenses incurred; and,

3. For such other and further relief as this court may deem just and equitable.

## COUNTERCLAIMS

Defendant/Counterclaim Plaintiff Zayo Group, LLC (hereinafter "Zayo") hereby sets forth the following counterclaims against Plaintiff Melanie Denman (hereinafter "Denman") for Breach of Fiduciary Duty/Duty of Loyalty, Conversion/Misappropriation, and Negligence as follows:

## I. PARTIES, JURISDICTION AND VENUE

1.1 Zayo is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Colorado.

1.2 Denman, on information and belief, is a former employee of Defendant/Counterclaim Plaintiff and, by Plaintiff's own allegation, is a resident of King County, Washington.

1.3 Jurisdiction is proper in the United States District Court (USDC) for the Western District of Washington because the amount in controversy, exclusive of interest and costs,

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND DEFENDANT'S
COUNTERCLAIMS AGAINST PLAINTIFF - 6
(CAUSE NO. 2:13-cv-00190-RSM)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

exceeds the sum or value of $75,000, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Defendant understands plaintiff to be seeking more than $80,000 and Defendant seeks more than $210,000 in relief on these counterclaims.

1.4   Venue is proper in the USDC for the Western District of Washington at Seattle because some of the events at issue on these counterclaims occurred within the district and this action is premised upon diversity.

## II. FACTS

2.1   Zayo re-alleges its affirmative defenses as if fully set forth herein. Zayo additionally alleges:

2.2   As set forth above, at the time of Zayo's acquisition of 360network holdings (USA) inc. ("360"), Denman was offered a position with Defendant as the Senior Manager of Human Resources assigned to special projects. This position was for a limited term with a separation date on or before March 1, 2012.

2.3   Zayo appointed Denman to very limited duties as part of her role in special projects. Specifically, Denman was assigned to only work on projects as appointed to her by SVP Chief of Staff, Sandi Mays, or Zayo Controller, Timothy Gentry.

2.4   During the time that Denman worked for Zayo, Zayo never assigned Denman a role with the management of the company's contracts with third parties for benefits or insurance, except only that Zayo ordered Denman to cancel 360's insurance agreement with Regence effectively immediately on December 1, 2011. Denman declined to issue the notice of cancellation as instructed, and later stated to Zayo executives that she had issued the notice of cancellation as she was instructed to do.

2.5   Despite instruction to the contrary, and upon information and belief, Denman in fact did not issue the notice of cancellation as she had told Zayo she did, but rather, issued a different form of cancellation stating an effective date of the cancellation of December 31, 2011, as she had previously sought to do and been clearly instructed not to do.

2.6   360 had zero employees as of December 1, 2011.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND DEFENDANT'S
COUNTERCLAIMS AGAINST PLAINTIFF - 7
(CAUSE NO. 2:13-cv-00190-RSM)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

2.7   Zayo provided everyone who was employed by 360 on November 30, 2011, a full benefits package including healthcare, dental, vision and other fringe benefits.

2.8   Those 360 employees who were not going to stay with Zayo after December 1, 2011, were also hired and extended participation in Zayo's benefits plans, effective December 1, 2011.

2.9   Despite direct instructions to the contrary, Denman continued to advise Zayo employees who were legacy employees of 360to continue to present their Regence insurance cards after December 1, 2011, rather than directing them to use only their new Zayo benefits provided (for health insurance) through United Healthcare.

2.10   As a result of Denman's willful or negligent defiance of the instructions of her supervisors, and her alteration of the notice of cancellation to Regence and other negligent or willfully disloyal acts, Zayo became obligated to Regence in the amount of at least $147,780, which represents excess funds paid to Regence.

2.11   Denman received communication from Zayo Controller Tim Gentry on November 21, 2011, instructing her that all 360 plans would be discontinued on November 30, 2011, unless 360's selling parent entity wanted to fund and bear the cost of administration.  Nevertheless, Denman intentionally, recklessly or negligently signed the approval of payment to Regence for the December premium, despite that she knew or should have known 360 would have no employees on December 1, and therefore, no need for health insurance benefits for employees.

2.12   Denman intentionally, recklessly or negligently failed to call back her approval of the health insurance premium on November 23, 2011, after further communications made clear that no insurance benefits would be needed from Regency for December, 2011.

2.12   But for Denman's actions described in paragraphs 2.11 and 2.12, Zayo would have had control of $147,780 for additional working capital. Instead those sums were wasted on an unauthorized and improvident payment of funds to Regence, approved by Denman without adequate authority.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND DEFENDANT'S
COUNTERCLAIMS AGAINST PLAINTIFF - 8
(CAUSE NO. 2:13-cv-00190-RSM)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

2.13  A reasonably prudent person would not have authorized the payment of Regence under these circumstances, or would have revoked her authorization of the check request in light of the communications of November 23, 2011, and would have taken steps to retrieve the check to Regence.

2.14  Zayo did not assign Denman any role regarding employee relations or employee benefits except as set forth expressly in paragraph 2.15 below.

2.15  Zayo assigned Denman to work on three projects only: 1) scanning, marshaling and sending legacy 360 personnel files to Zayo headquarters for further handling by other Zayo human resources employees, and 2) preparing the accounting and reimbursements for an unusual reimbursement arrangement that 360 had extended to its employees concerning their deductibles for health insurance for expenses through the end of November 2011; and 3) Managing the communication around 360's legacy 401K plan, prior to the 401K merger which happened about ninety days after Zayo completed its acquisition of 360.

2.16  Instead of limiting her actions purportedly on behalf of Zayo to authorized duties, Denman engaged in a variety of unauthorized and unreasonable actions and conduct which caused Zayo to directly incur certain damages and other liabilities.

2.17  Without authorization, Denman undertook to respond to an audit by Travelers Insurance.

2.18  Instead of informing her supervisor on financial matters, Zayo Controller Tim Gentry, Denman contacted the former 360 Controller Tonny Oswald, for information to respond to the audit. Mr. Oswald was no longer authorized to act for 360 at the time Denman contacted him. Denman knew this and intentionally, recklessly or negligently disregarded the proper channels for communicating to Zayo that Travelers was conducting an audit.

2.19  As Zayo had purchased 360 through a stock or equity acquisition, all books and records, contracts and funds on hand, as well as the assets and liabilities of 360 matters belonged to Zayo.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND DEFENDANT'S
COUNTERCLAIMS AGAINST PLAINTIFF - 9
(CAUSE NO. 2:13-cv-00190-RSM)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

2.20 When Denman undertook her unauthorized audit, she did so negligently in the following particulars:

    2.20.1 Denman failed to consult the proper books and records;

    2.20.2 Denman failed to consult with the proper personnel, namely, Tim Gentry, whom she knew to be in charge of financial matters for Zayo;

    2.20.3 Denman failed to remove certain executive compensation from the payroll calculations;

    2.20.4 On information and belief, Denman failed to defend Zayo in the audit in other particulars that will be shown in discovery;

2.21 Denman's negligent actions resulted in Zayo making an overpayment on the Travelers premium audit in an amount to be proven at trial.

2.22 On or about November 1, 2011, more than three weeks after the sale of 360 to Zayo had been publicly announced, Denman apparently signed an agreement obligating 360 to pay Wells Fargo Insurance Services the amount of $60,000 for alleged insurance broker services for 2012.

2.23 A reasonably prudent person with Denman's experience and background would not have signed this agreement on behalf of 360 under these circumstances.

2.24 Denman knew or should have known that Zayo would not continue any 360 benefits plan after December 1, 2011, and therefore the Wells Fargo brokerage services for 2012 were completely unnecessary.

2.25 Denman was not authorized to enter into the agreement between 360 and Wells Fargo, but did so intentionally, recklessly, or negligently to harm Zayo's financial interests.

2.26 As a result of Denman's intentional, reckless or negligent entry into the Wells Fargo Insurance Services Client Services Agreement, Zayo has become obligated to pay Wells Fargo Insurance Services in the amount of $60,000 plus more than $2,000 for prejudgment interest and attorney fees.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND DEFENDANT'S
COUNTERCLAIMS AGAINST PLAINTIFF - 10
(CAUSE NO. 2:13-cv-00190-RSM)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

2.27    Denman intentionally or negligently failed to report her entry into the agreement with Wells Fargo Insurance Services when, as part of the final closing of the sale of the company to Zayo, Zayo requested a list of all HR vendors, on or about November 29, 2011.

2.28    Denman's failure to report the agreement she had signed without authorization was negligent because the contract itself contained a clause in favor of Wells Fargo Insurance Services stating that the $60,000 fee was earned "100% at inception." This arrangement was neither prudent nor to the benefit of Denman's then employer, 360. In fact, none of the insurance ever proposed by Wells Fargo Insurance Services ever provided any benefit whatsoever to 360 or its employees.

2.29    On information and belief, Denman negligently failed to have the agreement with Wells Fargo Insurance reviewed by counsel.

2.30    Denman's failure to report the Wells Fargo Insurance agreement at the time of closing deprived Zayo of the timely opportunity to negotiate or extract itself from the improvident agreement signed by Denman.

2.31    Denman's intentional, reckless or negligent actions resulted in a judgment against 360, in an amount more than $62,000. Zayo now owns 360.

2.32    Denman's assigned duties required her to be onsite when working. Nevertheless, Denman intentionally or negligently failed to report two days of Paid Time Off, and instead reported it as time worked, claiming that she was "working from home." Despite providing no authorized work to Zayo, Denman failed to report her time off, taken on January 16 and 18, 2012, in accordance with legitimate company expectations.

2.33    As a result of Denman's intentional or negligent failure to report her paid time off, Denman was paid for two days of paid time off that she had already taken on January 16 and 18, 2012, in an amount to be proven at trial.

2.34    Denman engaged in various other unauthorized and negligent actions which have potentially damaged Zayo's interests but for which there has been no discovered financial harm as yet, including but not limited to: giving away employee files in violation of Zayo policy, providing reference checks for employees in violation of Zayo policy, communicating with employees in a

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND DEFENDANT'S
COUNTERCLAIMS AGAINST PLAINTIFF - 11
(CAUSE NO. 2:13-cv-00190-RSM)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

manner that created a conflict of interest between herself and the company with respect to employees Ferriter and Fincher (including suggesting that Fincher retain counsel through one of 360's in house ' lawyers, Ron Gustafson) and making false and malicious statements regarding Zayo's handling of flex spending benefits for employees.

2.35  Zayo reserves the right to amend should it determine that it has been financially harmed by the conduct described in paragraph 2.30.

## III. FIRST COUNTERCLAIM FOR RELIEF

## BREACH OF FIDUCIARY DUTY AND DUTY OF LOYALTY

3.1  Defendant re-alleges, and incorporates herein by reference, each and every allegation contained in paragraphs 2.1 through 2.35 as if fully set forth herein.

3.2  As the Senior Manager of Human Resources, Denman was in a position of trust and confidence, and owed Zayo a fiduciary duty and duty of loyalty.

3.3  Additionally, as an employee of Zayo with access to confidential information and responsibilities requiring frequent and direct interaction with Zayo's employees, service providers, vendors and prospects, Denman owed and continues to owe Zayo a common-law duty of loyalty to act in the best interest of Zayo, and to refrain from any conduct that could damage or harm Zayo.

3.4  Prior to Denman's service to Zayo, on information and belief, Denman owed the same duties, or higher duties of loyalty to her employer 360 as a senior human resources executive.

3.5  As successor to 360, Zayo is successor to the rights and duties owed by Denman to 360.

3.6  Denman owed 360 and Zayo a duty of care such as any reasonably prudent senior human resources professional and executive would exercise in all the performance of her duties.

3.7  Through the acts described above, Denman has breached her duty of loyalty and fiduciary duty to Zayo.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND DEFENDANT'S
COUNTERCLAIMS AGAINST PLAINTIFF - 12
(CAUSE NO. 2:13-cv-00190-RSM)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

3.8   As a proximate and foreseeable result of Denman's breaches of her fiduciary duty and duty of loyalty, she has caused or threatened to cause and will continue to cause or threaten to cause, substantial harm to Zayo. This substantial harm to Zayo includes, but is not limited to, monetary damages, including but not limited to, damages incurred to Zayo due to Denman's failure to timely and correctly cancel certain employee benefit agreements, and loss of employee goodwill or relations.

3.9   Zayo's damages for Denman's breaches of fiduciary duty and the duty of loyalty amount to at least $210,000.

## IV.   SECOND CLAIM FOR RELIEF

## CONVERSION/MISAPPROPRIATION

4.1   Zayo repeats and re-alleges, and incorporates every allegation contained in the preceding paragraphs of this counterclaim against Denman as if set forth fully herein.

4.2   By acting outside the scope of her authority, failing to follow company policies, misappropriating company information and resources, providing Zayo employees with incorrect information, and failing to properly follow the directives given to her, Denman caused Zayo to incur additional expenses and obligations to Zayo's employees and benefit plan providers as described above.

4.3   By exercising improper dominion and control over matters that exceeded her authority to act for Zayo and its predecessor 360, Denman deprived Zayo of funds that would have otherwise remained under its direction and control.

4.4   As a direct and proximate result of Denman's conduct, Zayo was caused to suffer damages of at least $210,000.

## V.   THIRD CLAIM FOR RELIEF

## NEGLIGENCE

5.1   Zayo repeats and re-alleges, and incorporates every allegation contained in the proceeding paragraphs of this counterclaim against Denman as if set forth fully herein.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFF - 13
(CAUSE NO. 2:13-cv-00190-RSM)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

5.2     As the Senior Manager of Human Resources, Denman owed a duty of care to Zayo to properly manage and implement Zayo's employee benefit plans and to refrain from unauthorized acts or agreements purportedly on behalf of Zayo. Additionally, Denman owed Zayo a duty to protect the company's interest and to not misrepresent her authority as the Senior Manager of Human Resources.

5.3     With respect to the performance of her duties for both 360 and Zayo, Denman owed her employers a duty of reasonable care and to act as would a reasonably prudent senior human resources executive.

5.4     Denman breached her duty by engaging in multiple unauthorized and negligent actions as detailed in previous paragraphs.

5.5     As a result of her intentional, reckless or negligent misconduct, Denman caused Zayo to incur legal fees to defend itself against the claims of Wells Fargo Insurance, in an amount to be proven at trial.

5.6     As a direct and proximate result of Denman's conduct, Zayo was caused to suffer damages exceeding $210,000.

## VI.     PRAYER FOR RELIEF

**WHEREFORE,** Zayo respectfully requests the following relief against Denman:

6.1     Judgment against Denman for all actual, compensatory, consequential, general, and special damages as may be provided by law, in an amount not less than $210,000.

6.2     Judgment for Zayo Group's statutory attorney's fees.

6.3     Judgment for Zayo Group's costs

6.4     Prejudgment interest on the liquidated sums for the Wells Fargo Insurance obligation, the Travelers insurance audit and the Regence additional costs, all in an amount to be proven at trial.

6.5     Such other and further relief as this Court deems just and equitable.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND DEFENDANT'S
COUNTERCLAIMS AGAINST PLAINTIFF - 14
(CAUSE NO. 2:13-cv-00190-RSM)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1 | DATED this 7th day of February, 2013.

JACKSON LEWIS LLP

By: s/ Barry Alan Johnsrud
Barry Alan Johnsrud, WSBA #21952
Monica Torrez-Pfister, WSBA #38417
Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404
Attorneys for Defendant
johnsrudb@jacksonlewis.com
monica.torrez@jacksonlewis.com

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND DEFENDANT'S
COUNTERCLAIMS AGAINST PLAINTIFF - 15
(CAUSE NO. 2:13-cv-00190-RSM)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

## DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

> John P. Sheridan, WSBA #21473
> MacDonald Hoague & Bayless
> 705 Second Avenue
> Seattle, WA 98104
> 206-622-1604

Dated this 7th day of February, 2013, at Seattle, Washington.

_____
Liana Natividad

4846-5469-2370, v.  8-5469-2370, v.  6

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFF - 16
(CAUSE NO. 2:13-cv-00190-RSM)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404